[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10146
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

Agency No. A093-397-399


CHANG QI LI,

                                                                 Petitioner,

                              versus


U.S. ATTORNEY GENERAL,

                                                                 Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 3, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Chang Qi Li seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture (CAT). On appeal, Li argues that the IJ and BIA erred in making an adverse credibility finding, and that he established eligibility for relief.[1] After review, we dismiss Li's petition in part and deny it in part.[2]

An adverse credibility finding may be based on inconsistencies and "any inaccuracies or falsehoods in [an applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). If the IJ and the BIA explicitly determine an alien is not credible, they must give "specific, cogent reasons" for the adverse credibility determination. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231

---

[1] Li also argues the BIA erred in determining he did not file his asylum application within one year after the date of his arrival in the United States. We lack jurisdiction to review this decision, and dismiss Li's petition with regard to this claim. *See Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).

[2] We review findings of fact under the substantial evidence test and must affirm the decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We also review credibility determinations under the substantial evidence test and do not substitute our judgment for that of the IJ or BIA. *Id.* We may not overturn findings of fact, including a credibility determination, unless the record compels it. *Id.* at 1287.

(11th Cir. 2006). "The burden then shifts to the alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Id.*

Here, the IJ and BIA provided specific, cogent reasons to support the adverse credibility finding, which Li failed to rebut. For instance, Li failed to detail his travel to Belize and his repatriation to China in his asylum application statement. *See Forgue*, 401 F.3d at 1287 (noting the omission of significant events prior to a hearing may support an adverse credibility determination). Li also failed to adequately explain why the same photograph was used in multiple documents issued years apart by different agencies. Moreover, the documentary evidence provided by Li and the testimony provided by Li's wife do not provide corroboration to his testimony compelling reversal of the IJ's and BIA's decision. *See Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1347 (11th Cir. 2008) (stating an IJ is under no obligation to credit an applicant's documentary evidence or assign it decisive weight). Because Li failed to show the record compels reversal, we deny his petition for review with regard to his claims for withholding of removal and CAT relief.

**PETITION DISMISSED IN PART AND DENIED IN PART.**